# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE MITCHAM,<br>    Plaintiff | C.A. No. 10-76 Erie |
| v. | District Judge McLaughlin<br>Magistrate Judge Baxter |
| PITTSBURGH CARDIOVASCULAR<br>INSTITUTE and OLIVER W.<br>CAMINOS, M.D.,<br>    Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion to Dismiss Counts II and III of Defendants' Counterclaims [ECF No. 5] be denied.

**II.   REPORT**

**A.   Relevant Procedural History**

On April 1, 2010, Plaintiff initiated this action by filing a Complaint against Defendants Pittsburgh Cardiovascular Institute ("PCI") and Oliver W. Caminos, M.D. ("Caminos"), pursuant to Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), alleging claims of sexual harassment, constructive discharge, assault, battery, and intentional infliction of emotional distress. [ECF No. 1]. In particular, Plaintiff alleges that Defendant Caminos made an "unwelcome sexual advance" toward her on January 14, 2008, which Defendant PCI allegedly failed to address. As a result, Plaintiff claims that she was subjected to an "intolerably hostile working environment," which ultimately compelled her to resign on May 2, 2008. As relief for her claims, Plaintiff seeks monetary damages in excess of $ 75,000.00, costs, and attorneys' fees.

In response, Defendants filed an Answer, Affirmative Defenses, and Counterclaims on

July 9, 2010. Defendants' counterclaims are set forth in three counts: conversion ("Count I"); violation of the Pennsylvania Wiretap Act, 18 Pa.C.S. § 5701, *et seq.* ("Count II"); and defamation ("Count III"). [ECF No. 2].

On July 29, 2010, Plaintiff filed a motion to dismiss Counts II and III of Defendants' counterclaims [ECF No. 5], asserting that Defendants have failed to state claims upon which relief may be granted. Defendants have since filed a memorandum of law in opposition to Plaintiff's motion. [ECF No. 7]. This matter is now ripe for consideration.

### B. Relevant Factual History

Plaintiff alleges that, in January 2008, she served as the office ultrasound technician for Defendant PCI, where she reported directly to Defendant Caminos. (ECF No. 1, Complaint, at ¶¶ 11-12). Plaintiff was completing a pelvic/prostate ultrasound study of Defendant Caminos on January 14, 2008, when, according to Plaintiff, Defendant Caminos exposed himself and instructed Plaintiff to perform a scan of his penis. (Id. at ¶¶ 15-31). After Plaintiff capitulated, the examination lasted several minutes, during which Plaintiff alleges that she repeatedly explained to Defendant Caminos that she did not know what she was doing and wanted to stop. (Id. at ¶¶ 32-33). After the examination was over, Plaintiff alleges that she reported the incident to Defendant PCI's manager of ultrasound technicians and Defendant Caminos' executive assistant, yet nothing was done in response. (Id. at ¶¶ 36-39). On January 16, 2008, Plaintiff confronted Defendant Caminos in his office to "explain[] how humiliated and shocked she was by his actions." (Id. at ¶ 41). The ensuing conversation was recorded by Plaintiff. (ECF No. 5, Motion to Dismiss, at ¶ 8). Plaintiff ultimately resigned from her position in May 2008.

### C. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit later expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:

3

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### D. Discussion

#### 1. Count II of Defendants' Counterclaim

Count II of Defendants' counterclaims alleges that Plaintiff violated the Pennsylvania Wiretap Act, 18 Pa.C.S. § 5701, *et seq.* (the "Wiretap Act"), by surreptitiously making and retaining audio recordings of certain conversations she had with Defendant Caminos, without his knowledge and/or consent. The Wiretap Act provides, in pertinent part, as follows:

> Any person whose wire, electronic, or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or procures any other person to intercept, disclose or use, such communications; and shall be entitled to recover from any such person.

18 Pa.C.S. § 5725(a).

The phrase "oral communication" is defined by the Wiretap Act as "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 Pa.C.S. § 5702. Based on this definition, the Pennsylvania Supreme Court has held that, to establish a violation of the Wiretap Act, a "claimant must demonstrate: (1) that he engaged in a communication; (2) that he possessed an expectation that the communication would not be intercepted; (3) that his expectation was justifiable under the circumstances; and (4) that the defendant attempted to, or successfully intercepted the communication, or encouraged another to do so." Agnew v. Dupler, 717 A.2d 519, 522 (Pa. 1998).

"To determine the existence of an expectation of privacy in one's activities a reviewing court must first examine whether the person exhibited an expectation of privacy; and, second, whether that expectation is one that society is prepared to recognize as reasonable." Agnew, 717 A.2d at 523, citing Commonwealth v. Blystone, 549 A.2d 81, 87 (Pa. 1988). The standard for such analysis is objective and the subjective expectation of the speaker is irrelevant. Care v. Reading Hospital and Medical Center, 2004 WL 728532 at * 8 (E.D.Pa. Mar. 31, 2004), citing Agnew, 717 A.2d at 523).

In her motion to dismiss, Plaintiff concedes that she recorded a conversation she had with Defendant Caminos on January 16, 2008; however, she points out that the conversation occurred in Defendant Caminos's office, which is located "next door to the nurse station and the examining rooms that are filled with patients." (ECF No. 5, Motion to Dismiss, at ¶¶ 21-22). As a result, Plaintiff asserts that Defendant Caminos "could not have expected that the conversation would not be overheard or intercepted," and even if he did, such expectation "was not justifiable under the circumstances." (ECF No. 5, Motion to Dismiss, at ¶¶ 23-24).

In response, Defendants contend that "[t]here is simply no evidence in the record permitting a conclusion as a matter of law that Dr. Caminos' expectation of privacy was

5

unreasonable. Indeed, there is no evidence regarding whether the door to Dr. Caminos' office was open or closed, whether one could hear conversations in his office with the door open or closed, or even whether this conversation occurred before or after regular working hours when no other person was in the building." (ECF No. 7, Defendants' Memorandum of Law, at p. 4). The Court agrees. Plaintiff is essentially arguing that Defendant Caminos cannot establish that he had a reasonable expectation of privacy regarding the recorded conversation at issue, based solely on the fact that his office is located near places where others may have been both present and capable of hearing and comprehending the conversation. This argument is without merit. See, e.g., Commonwealth v. Parrella, 610 A.2d 1006, 1010-1011 (Pa.Super. 1992)(finding no merit in contention that individuals were entitled to surreptitiously record conversations between occupants of an apartment because limited portions of their conversations could be heard by parties outside of the apartment). As a result, Plaintiff's motion to dismiss Count II of Defendants' counterclaims should be denied.

### 2. Count III of Defendants' Counterclaims

Count III of Defendants' counterclaims alleges that Plaintiff made defamatory statements about Defendant Caminos in violation of Pennsylvania law. To establish a claim of defamation, the plaintiff bears the burden of proving: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended yo be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S. § 8343(a); Sabo v. Metropolitan Life Ins. Co., 137 F.3d 185, 196 (3d Cir. 1998).

Defendant Caminos has alleged that Plaintiff "published false and defamatory statements regarding Dr. Caminos," to individual third parties, "including unfounded allegations that Dr.

Caminos sexually harassed, assaulted and battered Plaintiff." (ECF No. 2, Answer, Affirmative Defenses and Counterclaims, at ¶¶ 102-103). Defendant Caminos alleges further that Plaintiff "knew these statements were false when she published them," and "was not privileged or otherwise permitted by law to publish them." (Id. at ¶¶ 104-105). As a result, Defendant Caminos claims that "[t]he false and defamatory statements published by Plaintiff have caused, and continue to cause, [him] to suffer significant harm including, but not limited to, embarrassment, humiliation, damage to his reputation and lost business opportunities." (Id. at ¶ 106).

Plaintiff argues that the foregoing counterclaim should be dismissed because Defendant Caminos has failed "to identify the content of the allegedly defamatory statements," and, thus, has "failed to plead a sufficient claim of defamation...." (ECF No. 6, Plaintiff's Brief, at p. 6). This argument lacks merit. "[F]or a defamation claim brought in federal court, the plaintiff does not have to plead the precise defamatory statements as long as the count provides sufficient notice to the defendant." Reager v. Williams, 2009 WL 3182053 at *5 (M.D.Pa. Sept. 25, 2009), quoting Roskos v. Sugarloaf Twp., 295 F.Supp.2d 480, 492 (M.D.Pa. 2003). Defendant Caminos's allegation that Plaintiff made false and defamatory statements that he sexually harassed, assaulted and battered her are clearly sufficient to put Plaintiff on notice of the character and scope of the alleged statements.

Moreover, Defendant Caminos specifically identified three of the individuals to whom Plaintiff is alleged to have made the statements: Sandra Sturkie, Saswatte Khan (Bulu), and Michelle Ginley. (ECF No. 2, Answer, Affirmative Defenses and Counterclaims, at ¶ 103). In her complaint, Plaintiff alleges that she verbally reported Defendant Caminos's alleged sexual assault to Ms. Sturkie, among others. (ECF No. 1, Complaint, at ¶ 36). Thus, it is apparent that the alleged defamatory statements include the content of Plaintiff's verbal communication with Ms. Sturkie that is specifically referenced in the complaint, which essentially nullifies

Plaintiff's argument that she "cannot formulate a defense to the Defendants' claim of defamation" because "she does not know the contents of the allegedly defamatory statements." (ECF No. 6, Plaintiff's Brief, at p. 7). Accordingly, Plaintiff's motion to dismiss Count III of Defendants' counterclaims should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to dismiss Counts II and III of Defendants' Counterclaims [Document # 5] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 28, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge