# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE MITCHAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-76 Erie |
| ) | |
| v. ) | |
| ) | |
| PITTSBURGH CARDIOVASCULAR ) | |
| INSTITUTE and OLIVER W. ) | |
| CAMINOS, M.D., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., District Judge.

Presently pending before the Court is a Joint Motion to Place Record Under Seal [ECF No. 22] filed by Plaintiff, Jacqueline Mitcham and Defendants, Pittsburgh Cardiovascular Institute and Oliver W. Caminos, M.D. For the reasons that follow, the motion will be denied.

Plaintiff filed suit against Defendants on April 1, 2010 alleging violations of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-1 *et seq*. ("Title VII") and the Pennsylvania Human Relations Act (the "PHRA"), 43 P.S. § 951 *et. seq*. Plaintiff claimed that she was subjected to a hostile work environment and constructively discharged. [ECF No. 1]. She further asserted pendant state law claims for assault, battery and intentional infliction of emotional distress. [ECF No. 1]. The case was closed on June 14, 2011 following notification by the parties that the case had been settled. [ECF No. 20].

On September 22, 2011, the parties filed a Stipulation of Dismissal [ECF No. 21] and the instant Joint Motion to place the record under seal [ECF No. 22]. In support of their Joint Motion, the parties allege the following:

> The pleadings, motions, briefs, and decisions in this matter contain allegations and/or references to allegations, against both parties, that are of a highly sensitive nature. If not kept under seal, such allegations and/or references could have a profoundly negative effect on either or both parties. The parties believe that if such allegations and/or references remain accessible to the public,

1

such access may lead to personal and/or professional embarrassment and other harms, such as damage to Defendants' professional reputation and business or Plaintiff's professional reputation and career.

[ECF No. 22] ¶ 2.[1]

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3rd Cir. 2001). The circumstances under which a district court is permitted to seal judicial records was explained by the Third Circuit in In re Cendant Corp.:

> In order to override the common law right of access, the party seeking the closure of a hearing or sealing of part of the judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller*, 16 F.3d at 551 (citing *Publicker*, 733 F.2d at 1071). In delineating the injury to be prevented, specificity is essential. *See Publicker*, 733 F.2d at 1071. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. As is often the case when there are conflicting interests, a balancing process is contemplated. "[T]he strong common law presumption of access must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest is secrecy outweighs the presumption." *Leucadia*, 998 F.2d at 165 (quoting *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 344 (3rd Cir. 1986)).

In re Cendent Corp., 260 F.3d at 194. In addition, "[a] party who seeks to seal an *entire* record faces an even heavier burden." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3rd Cir. 1994) (emphasis in original); Jankowski v. Extendicare Homes, Inc., __ Fed. Appx. __, 2011 WL 2647948 at *1 (3rd Cir. 2011).

Applying the above standard, the parties' justifications for sealing the record in this case are insufficient to overcome the strong presumption in favor of access. Courts have declined to

---

[1] The parties agreement to seal the case notwithstanding, the Court has an independent obligation to determine whether sealing the record is proper. See Zurich American Ins. Co. v. Rite Aid Corp., 345 F. Supp. 2d 497, 504 (E.D.Pa. 2004) ("The court should not 'rubber stamp' any agreement among the parties to seal the record.") citing Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).").

2

seal cases and/or pleadings when faced with similar contentions. For example, in Rossi v. Schlarbaum, 2008 WL 222323 (E.D.Pa. 2008), the complaint contained allegations of "illicit and illegal activities" and the defendants requested the record be sealed "to avoid … unnecessary shame and embarrassment and accomplish a full and fair adjudication." Id. at * 1. In declining to seal the pleadings, the court stated:

> As an initial matter, the Court acknowledges the "highly personal nature of the facts" in this case and does not doubt that certain facts or allegations may cause defendants embarrassment. However, "[w]hile preventing embarrassment may be a factor satisfying the 'good cause' standard, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." *Pansy*, 23 F.3d at 787.
>
> In this case, defendants have made only broad allegations of harm. They claim that this litigation "*could* damage their reputation, friendships, and family life" and "*could* prove destructive" to their personal and professional lives. … Defendants do not, in their Motion, Supplemental Memorandum, or in any correspondence to the Court, delineate specifically the injury they seek to prevent. Given the paucity and generality of defendants' allegations, the Court cannot conclude that any embarrassment caused by this litigation "will be particularly serious." *Pansy*, 23 F.3d at 787. Without more information demonstrating "a clearly defined and serious injury" to defendants, the Court is unwilling and unable to override "the strong common law presumption of access" to judicial proceedings and records. *See In re Cendant*, 260 F.3 at 194.

Rossi, 2008 WL 222323 at *3 (footnote and citations omitted; emphasis in original).

Similarly, in Rose v. Rothrock, 2009 WL 1175614 (E.D.Pa. 2009), the plaintiff alleged that defendants refused to sell him property because of his race, and the defendants argued that allowing the complaint to remain unsealed would work a serious injury to their personal and professional reputations. Id. at *7. In declining to seal the complaint, the court explained:

> On balance, the Defendants arguments for sealing the Complaint do not outweigh the strong presumption of openness of judicial records. The Defendants have not shown that this highly contentious and emotionally charged litigation is any different from the other discrimination cases filed with great frequency in federal court such that they are any more susceptible to embarrassment and humiliation than any other defendant in such a case. Therefore, the Court will not order that the Complaint be placed under seal.

3

Rose, 2009 WL 1175614 at *9. See also Dombrowski v. Bell Atlantic Corp., 128 F. Supp. 2d 216, 219 (E.D.Pa. 2000) (declining to unseal non-privileged paragraphs of a complaint amid claims of embarrassment, noting that "pleadings are filed every day with allegations that may embarrass the opposing party. If mere embarrassment were enough, countless pleadings as well as other judicial records would be kept from public view. We will not travel down this road."); Barcher v. New York University School of Law, 993 F. Supp. 177, 181 (S.D.N.Y. 1998) (denying request to seal case by prominent law professor accused of sexual harassment), aff'd on other grounds, 172 F.3d 37 (3rd Cir. 1999).

In light of the above, the Joint Motion will be denied.

AND NOW, this 18th day of November, 2011, and for the reasons set forth above, IT IS HEREBY ORDERED that the Joint Motion to Place Record Under Seal [ECF No. 22] is DENIED.

                                                                          s/ Sean J. McLaughlin
                                                                          United States District Judge

cm:    All parties of record